IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 2:08-cr-49 |
| v. | ) |
| MICHAEL McFERRON POPE, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court are the following motions filed by Defendant: MOTION REQUESTING NOTICE PURSUANT TO RULE 404(b) (Document No. 19); MOTION TO RETAIN AND PROVIDE ROUGH NOTES (Document No. 20); and MOTION TO COMPEL DISCLOSURE OF IMPEACHMENT MATERIAL AND EXCULPATORY EVIDENCE (Document No. 21), with Memorandum of Law in support. The government has filed responses to each motion (Document Nos. 27-29) and the motions are ripe for disposition.

Defendant is charged in the three-count indictment with conspiracy and money laundering arising from an alleged scheme involving home mortgage loans. The instant motions relate to pretrial discovery.

Motion Requesting Notice Pursuant to Rule 404(b)

The government has no objection to granting this motion. The government agrees that Defendant is entitled to reasonable notice of the government's intent to seek admission of such evidence. The government represents that it does not anticipate introduction of Rule 404(b) evidence, but avers that it "will certainly provide" the requisite notice within an appropriate timeframe. Accordingly, the MOTION REQUESTING NOTICE PURSUANT TO RULE 404(b) (Document No. 19) is **GRANTED**.

Motion to Provide Rough Notes

The government does not oppose Defendant's request that the agents retain and provide their rough notes of interviews of potential witnesses, but does object to the production of notes of non-testifying witnesses or other investigative notes. Rough notes of interviews of a witness or of the Defendant must be preserved. *See United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994). Other notes need not necessarily be disclosed, although *Brady*, *Giglio*, and Jencks Act obligations continue to apply to such materials. The Court will conduct an *in camera* review of any such notes that remain in dispute after counsel meet and confer, upon the request of Defendant. *United States v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983). Accordingly, the MOTION TO RETAIN AND PROVIDE ROUGH NOTES (Document No. 20) is **GRANTED IN PART AND DENIED IN PART**.


Motion to Compel Disclosure of Impeachment Material and Exculpatory Evidence

The government is not aware of any exculpatory information at this time. If the government becomes aware of such information, it represents that it will immediately notify Defendant. Thus, this portion of the Defendant's request is moot.

The government agrees that it has a duty to turn over evidence that could be used to impeach its witnesses, including their plea agreements and evidence that is inconsistent with one of the cooperating witnesses' statements. The government suggests that this material be turned over at the same time as the Jencks material – at least one week before trial. The Court will accept the government's representation and order that such evidence be produced at least one week prior to trial.

Accordingly, the MOTION TO COMPEL DISCLOSURE OF IMPEACHMENT MATERIAL AND EXCULPATORY EVIDENCE (Document No. 21) is **GRANTED IN PART AND DENIED IN PART AS MOOT.**

SO ORDERED this 3rd day of October, 2008.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc: Brendan T. Conway, AUSA
Email: brendan.conway@usdoj.gov

Charles J. Porter, Jr., Esquire
Email: Cjporterjr@aol.com