**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **2:08-cr-49** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MICHAEL McFERRON POPE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM ORDER

Pending before the Court is a MOTION TO DISMISS (Document No. 31), with brief in support (Document No. 35), filed by counsel for Defendant Michael McFerron Pope. The government has filed a response (Document No. 36) and the motion is ripe for disposition.

Defendant is charged in a three-count indictment with conspiracy and money laundering arising from an alleged scheme involving home mortgage loans. On June 2, 2008, the United States Supreme Court issued its opinion in *United States v. Santos*, 128 S. Ct. 2020 (2008), which involved a charge of money laundering pursuant to 18 U.S.C. § 1956(a)(1) arising from the operation of an illegal lottery. The plurality opinion of the Court applied the rule of lenity to determine that the statutory term "proceeds" would be construed to mean "profits" rather than "receipts."

Defendant contends that Counts 2 and 3 of the instant indictment allege activities in support of money laundering that do not explicitly refer to profits but merely allege the deposit of funds into an account. Therefore, Counts 2 and 3 of the indictment fail to specifically allege "profits," which specific language Pope argues is now required for establishment of a money laundering charge. The government argues that the indictment is valid as currently constituted regardless of *Santos*, because the indictment tracks the language of the money laundering statute

and lists all the essential elements of the offense.[1]

The Court agrees with the government. An indictment is deemed sufficient if it: (1) contains the elements of the offense intended to be charged; (2) sufficiently apprises the defendant of the charges to enable him to prepare a defense; and (3) allows the defendant to invoke double jeopardy protection if appropriate. *United States v. Whited*, 311 F.3d 259, 262 (3d Cir. 2002). In ruling on a pretrial motion to dismiss, the Court should not consider the sufficiency of the government's evidence but should grant the motion only where the allegations in the indictment are insufficient to sustain a conviction for the offense(s) charged. *United States*

---

[1]18 U.S.C. §1956 states, in relevant part (emphasis added):

(a)(1) Whoever, knowing that the property involved in a financial transaction represents the **proceeds** of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the **proceeds** of specified unlawful activity--

(A)(i) with the intent to promote the carrying on of specified unlawful activity; or

(ii) with intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986; or

(B) knowing that the transaction is designed in whole or in part--

(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the **proceeds** of specified unlawful activity; or

(ii) to avoid a transaction reporting requirement under State or Federal law,

shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both. For purposes of this paragraph, a financial transaction shall be considered to be one involving the **proceeds** of specified unlawful activity if it is part of a set of parallel or dependent transactions, any one of which involves the **proceeds** of specified unlawful activity, and all of which are part of a single plan or arrangement.

*v. Hedaithy*, 392 F.3d 580, 589 (3d Cir. 2004). The Pope indictment does not refer to "profits" or "receipts," but instead employs the statutory term "proceeds." Thus, regardless of the refinement of that term as set forth in *Santos*, the indictment sufficiently reflects the statutory elements of the offense and apprises Pope of the charges against him.

The Court need not decide whether "profits" is an essential element of the money laundering charges in this case.[2] The government has responded that it can and will prove that "the money involved in the transactions referred to in counts two and three of the Indictment" did constitute "profits." Defendant Pope will have ample opportunity to challenge the sufficiency of the government's evidence in that and every regard at the trial of this matter.

In accordance with the foregoing, Defendant Michael McFerron Pope's MOTION TO DISMISS (Document No. 31) is **DENIED**.

The Court will conduct a telephonic status conference with counsel on Tuesday, December 23, 2008 at 8:45 a.m.

SO ORDERED this 19th day of December, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

---

[2]The scope of the *Santos* decision is far from clear. In *United States v. Fleming*, 287 Fed. Appx. 150 (3d Cir. 2008) (unpublished), the Court of Appeals for the Third Circuit observed that five justices in *Santos* agreed that "the term 'proceeds' include[s] gross revenues from the sale of contraband and the operation of organized crime syndicates involving such sales." Thus, it appears that "gross revenues," as opposed to "profits," may be sufficient to establish a money laundering charge in some circumstances.

cc: Brendan T. Conway, AUSA
Email: brendan.conway@usdoj.gov

Charles J. Porter, Jr., Esquire
Email: Cjporterjr@aol.com